## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: T.P.**

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 13-0488** (Raleigh County 12-JA-139)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Stephen P. New, appeals the Circuit Court of Raleigh County's April 12, 2013 order terminating her parental rights to T.P. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed its response in support of the circuit court's order. The guardian ad litem, Leigh M. Lefler, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her motion for a dispositional improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2012, the DHHR filed its initial abuse and neglect petition alleging aggravated circumstances due to petitioner's prior involvement in abuse and neglect proceedings in regard to two older children. According to the DHHR, petitioner's parental rights to an older child were terminated in North Carolina in 2007. Further, petitioner was involved in a previous abuse and neglect case in West Virginia in 2008, in which Child Protective Services took custody of an older child because of aggravated circumstances and petitioner's continued drug abuse. At that time, petitioner admitted to having used crack cocaine during her pregnancy and to abusing prescription drugs and methamphetamine. The petition in the current matter alleged that petitioner did not comply with the terms of an improvement period granted in the prior abuse and neglect proceeding, and that petitioner voluntarily relinquished her parental rights to the older child to avoid having her parental rights terminated involuntarily.

In the present proceedings, petitioner waived a preliminary hearing in November of 2012 and was adjudicated as an abusing parent in December of 2012. During the adjudicatory hearing, petitioner moved for a post-adjudicatory improvement period, but that motion was denied. In January of 2013, the circuit court held a dispositional hearing during which petitioner moved for a dispositional improvement period. The circuit court took the motion under advisement and instructed all parties to provide written recommendations regarding petitioner's motion.

1

Thereafter, in March of 2013, the circuit court held a review hearing and indicated that a ruling would be forthcoming because the parties' recommendations had been received. By order entered on April 12, 2013, the circuit court denied petitioner's motion for a dispositional improvement period and terminated her parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a dispositional improvement period or the termination of petitioner's parental rights. To begin, West Virginia Code § 49-6-12(c)(2) grants circuit courts discretion in granting dispositional improvement periods upon a showing that the parent will fully participate in the same. The record in this matter supports the circuit court's denial because of petitioner's failure to show, by clear and convincing evidence, that she would fully comply with the terms of a dispositional improvement period. In denying petitioner's motion, the circuit court relied on the following factors: petitioner's prior termination and relinquishment of parental rights to older children, her history of drug abuse, her criminal history, and her failure to comply with services in prior abuse and neglect proceedings. In fact, the circuit court noted that petitioner had admitted to using marijuana while pregnant with T.P. and that the child was subsequently born prematurely with significant health issues. Further, petitioner had recently been charged with driving under the influence.

While petitioner argues that the circuit court ignored several steps she had undertaken to attempt to remedy the conditions of abuse and neglect, it is clear this is not the case. Specifically, the circuit court noted petitioner's efforts in its order denying her motion for a dispositional improvement period, even characterizing them as "commendable." However, the circuit court ultimately found that petitioner's efforts "[were] not indicative of a parent who consistently places a priority on the health, safety and security of her child, especially given her prior involvement in abuse and neglect cases." According to the circuit court, petitioner "has followed a pattern in which she states that she will comply with services, but ultimately does not follow through with

2

the established case plan." For these reasons, it is clear that petitioner failed to establish, by clear and convincing evidence, that she would fully participate in a dispositional improvement period, and it was not error for the circuit court to deny her motion for the same.

As to termination of petitioner's parental rights, the Court finds no error in this regard because the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future. As set forth in West Virginia Code § 49-6-5(b)(1) and (3), such conditions exist in situations where an abusing parent has habitually abused controlled substances or drugs to the point that parenting abilities are impaired and when a parent has failed to follow through with a family case plan or other rehabilitative efforts designed to reduce or prevent abuse. The circuit court noted that until the end of the proceedings, "[petitioner] made no attempts to better herself or participate in a plan reasonably developed by the multi-disciplinary team to alleviate the conditions which caused the abuse and/or neglect of the infant child . . . ." Again, the circuit court noted that petitioner had made recent efforts to attempt reunification with her child, including obtaining housing and employment, but it also found that these efforts "resulted in an insubstantial diminution of the conditions which threatened the health, life and welfare of the child."

As the circuit court found below, the evidence shows that petitioner "failed to learn from her mistakes and improve her attitude and approach to parenting . . . ." As such, it is clear the circuit court was presented with sufficient evidence upon which to find there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future, and that termination of her parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are instructed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 12, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**: October 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3